[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14600
Non-Argument Calendar
_____

BIA No. A97-385-364

XIAO YAN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(April 13, 2007)**

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Xiao Yan Lin petitions for review of the decision by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ's) order denying her application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 208.16(c). We deny Lin's petition.

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or Attorney General may grant asylum if the alien meets the INA's definition of a "refugee." *Id.* § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

*Id.* § 1101(a)(42)(A). The burden of proof is on the alien to establish that she is a refugee by offering "credible, direct, and specific evidence in the record." *Forgue v. United States Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (quotations omitted). "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. §§ 208.13(a). However,

2

"[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

The BIA found deficiencies in Lin's proof, and concluded she did not meet her burden of proof for asylum. Substantial evidence supports the BIA's finding.[1] The record shows discrepancies in Lin's testimony regarding both where she and her parents were when their neighbor warned them about government officials coming to arrest her parents and where they went into hiding. Given these discrepancies, the BIA did not clearly err in requiring corroborating evidence. *See Yang*, 418 F.3d at 1201. As corroborating evidence, Lin submitted the State Department's 2002 and 2004 Country Reports for China, which detail the acts suffered by practitioners of Falun Gong. Lin, however, submitted no corroborating evidence that she or her family actually practiced Falun Gong. Moreover, Lin did not have her passport with her and provided only a notarial birth certificate, issued 19 years after her birth, as evidence of her identity, despite being in contact with relatives in China who could corroborate her identity. Similarly, she testified that

---

[1] The BIA did not adopt the IJ's decision; thus we review only the BIA's decision. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's decision *de novo* to the extent it was based upon a legal determination. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and we must affirm the BIA's decision "if it is supported by reasonable, substantial and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1283-84 (quotations omitted). "To reverse the [BIA]'s fact findings, [this Court] must find that the record not only supports reversal, but compels it." *Mendoza v. United States Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim).

others had told her that (1) Chinese authorities had arrived at her family's home to arrest them for the practice of Falun Gong and (2) her parents had been imprisoned for practicing Falun Gong. Despite being in contact with sources of this information in China, however, she did not provide any corroborating evidence of these events. Thus, the record does not compel a reversal of the BIA's finding Lin did not suffer past persecution or have a well-founded fear of future persecution.

"An individual who does not subscribe to a certain religion, but is nonetheless persecuted on account of others' perception that he does, may well be able to establish a religious persecution claim under a theory of imputed religion analogous to the imputed political opinion theory." *Mezvrishvili v. U.S. Att'y Gen.*, 467 F.3d 1292, 1296 (11th Cir. 2006) (quotations and alterations omitted). Moreover,

> [b]oth history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation. This is not to say that questions about religious doctrine are never relevant in assessing an asylum applicant's credibility in claiming religious persecution, because a purported Christian who didn't know who Jesus Christ was, or a purported Jew who had never heard of Moses, would be instantly suspect . . . .

*Id.* (quotations and citations omitted).

Lin's assertion the BIA improperly considered whether she had a certain level of doctrinal knowledge in determining her eligibility for asylum fails because

the IJ did not err by simply inquiring into her knowledge of Falun Gong. *See id.* In her Record of Sworn Statement, Lin stated that she did not know how to practice Falun Gong, the history of Falun Gong, or the symbol of Falun Gong. She is not required to know these types of details in order to make out a claim for asylum. *See id.* However, she equivocated regarding Falun Gong's leader, a significant fact. In her Record of Sworn Statement, she thought its leader had the last name Hong or Li Deng Hui. On cross-examination at her asylum hearing, Lin stated that the leader of Falun Gong was Hong Zhi Li. When asked about the history of Falun Gong, Lin stated that "Master Hong Zhi Li" had established it in "1995 – 1992" and the Chinese government had "cracked down" on it in 1997. The Country Reports show the Chinese government banned Falun Gong in 1999. Because the record does not adequately explain these inconsistencies about major events in the history of Falun Gong, it does not compel a reversal.

Because Lin did not establish eligibility for asylum, which carries a lower burden of proof than claims for withholding of removal and CAT relief, her withholding of removal and CAT claims necessarily fail. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

**PETITION DENIED.**